NOT DESIGNATED FOR PUBLICATION

No. 113,304

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CASEY PAUL ZACH,
*Appellant*.


MEMORANDUM OPINION

Appeal from Cloud District Court; KIM W. CUDNEY, judge. Opinion filed February 26, 2016. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Robert A. Walsh*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., SCHROEDER, J., and BURGESS, S.J.

*Per Curiam*:  Casey Paul Zach pled no contest to possession of a controlled substance, a severity level 5 drug felony. The district court sentenced him to 18 months' probation with an underlying sentence of 17 months' imprisonment and 12 months' postrelease supervision.

The State filed a motion to revoke probation because, less than 3 weeks after sentencing, Zach failed to report to his probation officer. The State later alleged Zach submitted a urine test which tested positive for marijuana, amphetamines, and methamphetamines. At the hearing on the motion to revoke probation, Zach stipulated to

1

the failure to report and to testing positive for marijuana and methamphetamine. The district court imposed a 60-day sanction in the county jail and told Zach, "[D]on't expect to keep coming back here and having that type of sanction. You've been here plenty of times before. You know how this works. Prison [is] the alternative."

The State filed a second motion to revoke probation shortly after Zach completed his sanction alleging Zach had failed to report to his probation officer. At the hearing on the motion to revoke probation, Zach's probation officer testified she met with Zach while he was serving his 60 days in jail and, in her opinion, Zach was not taking probation seriously. She recommended Zach serve his underlying sentence. On cross-examination, Zach's probation officer acknowledged this was an "S[enate] B[ill] 123 case" but that she had never done anything to help Zach get treatment since he never reported. Zach testified he would like to have drug treatment and that inpatient treatment would be better than outpatient. On cross-examination, Zach testified he had been to inpatient drug treatment twice before.

The district court found Zach had done nothing except he failed to appear. The court found Zach had absconded, revoked his probation, and ordered Zach to serve his underlying sentence. Zach timely appeals.

Unless otherwise required by law, probation is a privilege, not a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation involves two components. The district court must first determine whether the probationer has violated a condition of probation; and if a probation violation occurred, the district court must determine whether the violation warrants revocation of probation. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). A district court's decision to revoke probation will not be overturned absent an abuse of discretion. 286 Kan. at 227-28.

2

A district court abuses its discretion if its judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the trial court abused its discretion bears the burden of showing an abuse of discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Zach does not argue he did not abscond. An issue not briefed by the appellant is deemed waived and abandoned. *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013). Therefore, he has abandoned this argument.

Before revoking his probation, the district court told Zach:

"You have done absolutely nothing but failed to appear. You failed to appear for sentencing. Failed to appear for your appointments. Probation is a privilege. Probation is something that you have to work at. You have done absolutely nothing. You have absconded [and that] is the only thing you have done."

The district court revoked Zach's probation for his multiple failures to appear. Based on a review of the record, we find that a reasonable person could reach the same conclusion as the district court. We, therefore, conclude the district court did not abuse its discretion when it revoked Zach's probation.

Affirmed.